UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David E. Ricketts, | Case No. 19-CV-0276 (WMW/HB) |
| Plaintiff, | |
| v. | ORDER AND REPORT AND RECOMMENDATION |
| Officer Maggard, B. Birkolz, Jessica Feda, and Dr. Nassaralla, | |
| Defendants. | |

Plaintiff David E. Ricketts commenced this matter *pro se* on February 5, 2019. (Compl. [Doc. No. 1].) On the same day, Ricketts filed a Motion for Preliminary Injunction and/or Protective Order [Doc. No. 2] ("Injunction Motion") and a Motion for Appointment of Counsel [Doc. No. 3] ("Counsel Motion"). This matter is presently before the Court for screening of the Complaint under 28 U.S.C. § 1915A and consideration of the Injunction Motion and the Counsel Motion.

**I.      Service**

Ricketts paid a $400.00 filing fee when he filed the Complaint (Receipt [Doc. No. 6]), and he has not filed an application to proceed *in forma pauperis* ("IFP"). Ricketts is a prisoner presently confined at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). (Compl. 3.[1]) These circumstances raise a potential issue regarding service of the summons and the complaint on Defendants.

---

[1] Because the portions of the filed Complaint are not consecutively paginated, references to the Complaint are to the page numbers generated by the Court's ECF filing system.

The Federal Rules of Civil Procedure provide that once a plaintiff files a complaint, each defendant should be served with the summons and a copy of the complaint within 90 days. Fed. R. Civ. P. 4(a)–(c) (discussing contents, issuance, and service of summons), 4(m) (establishing deadline). Under Rule 4(m), if a defendant is not served within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a certain time."

For individuals permitted to proceed IFP, "officers of the court shall issue and serve all process," including serving defendants with the summons and a copy of the complaint. 28 U.S.C. § 1915(d). As Ricketts has not been granted IFP status, he is not entitled to service of process by court officers. Rather, it is Ricketts' responsibility to effect service on Defendants pursuant to Federal Rule of Civil Procedure 4(i), which governs service on the United States as well as its officers and employees. Because Ricketts filed the Complaint on February 5, 2019, his deadline to serve Defendants is **May 6, 2019**. Ricketts should note that under Rule 4(l)(1), "proof of service must be made to the court," and that "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."

Ricketts has the option of requesting that the Court order service under Rule 4(c)(3), which states that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." The Court advises Ricketts, however, that if he elects to make this request, the Court will grant the request only if the request is made promptly and in written form.

Furthermore, Ricketts must confirm in writing, within the written request itself, that he understands that the U.S. Marshals Service is required by statute to charge him for making or attempting service. *See* 28 U.S.C. § 1921(a) ("The United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for" serving summonses, complaints, or any other process.)[2] The Court also advises Ricketts that under 28 U.S.C. § 1921(d), the U.S. Marshals Service "may require a deposit to cover the fees and expenses prescribed" under § 1921; the remainder of the fees and expenses will either be collected by the Marshals Service or taxed as costs by the Court, § 1921(a)(1).

Therefore, if Ricketts chooses to request Court-ordered service, he must (1) advise the Court in writing within 30 days (this writing should include the written confirmation of his willingness to pay the Marshals Service fees as specified above), and (2) submit a properly completed U.S. Marshals Service Form (Form USM-285) for Defendants Officer Maggard, B. Birkolz, and Jessica Feda.[3] U.S. Marshals Service Forms will be provided to Ricketts by the Clerk of Court.

If Ricketts decides to attempt to serve Defendants without the assistance of the Marshals Service, he will need summonses issued for Defendants Officer Maggard, B. Birkolz, and Jessica Feda. The Court will direct the Clerk of Court to issue Plaintiff those summonses. Ricketts will be responsible for supplying copies of the Complaint for

---

[2] The full fee schedule is established by 28 C.F.R. § 0.114(a). Of particular note, the current fee for process served by mail is $8.00 per item mailed, and the current fee for process served personally is $65 per hour (or portion thereof). *Id.* § 0.114(a)(2)–(3).
[3] No Marshal Service Form is needed for Defendant Dr. Nassaralla. As discussed below, the Court recommends that any claims against Dr. Nassaralla be dismissed without prejudice.

service on each Defendant (if he chooses to serve Defendants without the assistance of the Marshals Service).

## II. Capacity Clarification

As best as the Court can tell, the Complaint does not specify whether Ricketts means to sue Defendants in their individual capacities, their official capacities, or both. He may well mean to sue all the Defendants in both capacities, as is indicated in the captions for both the Injunction Motion and Counsel Motion.

The capacity in which Ricketts sues Defendants may affect the relief available to Ricketts for his claims, and will in any event affect the proper manner for properly serving Defendants with process. *See* Fed. R. Civ. P. 4(i)(1)–(3) (providing different rules for service of process on the United States, United States officers and employees sued in their official capacity, and United States officers and employees sued in their individual capacity). The Court therefore instructs Ricketts to file within 14 days of the date of this order a one-page addendum to his complaint that specifies the capacity or capacities in which he is suing *each* named Defendant. If Ricketts does not timely submit this addendum, the Court will construe the Complaint as raising only official-capacity claims. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).

## III. Motion to Appoint Counsel

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998); *see also In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986) ("The decision to appoint counsel in civil cases is committed to the discretion of the district court."). Here, Ricketts has shown a

4

threshold ability to state his claims for relief, his claims do not appear to be factually or legally complex, and it is not clear that appointing counsel would benefit either Ricketts or the Court.

The Court cannot in any event "appoint counsel" in the sense of requiring an attorney to take on the representation of a civil litigant. Nevertheless, the Court, in its discretion, will refer Ricketts by separate correspondence to the Federal Bar Association ("FBA"), which has a panel of volunteer lawyers who can often assist unrepresented litigants. The Court makes no representation as to whether the volunteer lawyers at the FBA will choose to represent Ricketts in this matter.

## IV.  Claims Against Dr. Nassaralla

Under 28 U.S.C. § 1915A(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Ricketts' Complaint qualifies for such review. Section 1915A(b) provides that as part of this screening, "the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted."

In reviewing whether a complaint (or portion thereof) states a claim for which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to

5

relief that is plausible on its face." *Id.* at 570. In assessing a complaint's sufficiency, the court may disregard legal conclusions couched as factual allegations. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pro se complaints are to be construed liberally, but they still must allege enough facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

Under these rules, the Complaint does not state a claim against Defendant Dr. Nassaralla. There is no mention of Dr. Nassaralla in the factual allegations section of the Complaint. Dr. Nassaralla is mentioned only once, in the Count 2-Retaliation section, in the following sentence: "Plaintiff has been retaliated further by [other Defendants] and Dr. Nassaralla by not [issuing] Plaintiff the proper Medical Equipment." (Compl. at 15 ¶ A64.) There is no indication—here, or elsewhere in the Complaint—of what specific actions Nassaralla took that allegedly constituted retaliation. Without more, the sole allegation referring to Dr. Nassaralla is a legal conclusion couched as a factual assertion, which is not adequate to state a claim for relief that is plausible on its face. The Court thus recommends that any claims against Nassaralla be dismissed without prejudice.

In so recommending, the Court does not necessarily conclude that all remaining claims would survive a motion to dismiss, but believes that any challenge to those claims and any response to such a challenge would best be addressed through ordinarily motion practice after the remaining Defendants have been served.

**V.    Injunction Motion**

The Injunction Motion asks the Court to "order [FMC-Rochester] to issue

[Ricketts]" an electric wheelchair, issue him a "Tri-Core Pillow," and perform a magnetic-resonance-imaging ("MRI") scan on his back. (Injunction Motion at 1.) The Court construes the Injunction Motion as requesting a preliminary injunction.

Under Federal Rule of Civil Procedure 65(a)(1), a court "may issue a preliminary injunction only on notice to the adverse party." Defendants have not yet been served in this action and have not entered appearances, and the record lacks any indication that they have notice of Ricketts' motion.[4] As a result, this Court may not issue a preliminary injunction at this time and recommends that the motion be denied without prejudice.

The Court would also note that if Ricketts files a new motion for injunctive relief and provides proper notice to Defendants, he will have to "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). He must also address the four factors that the court must consider in determining whether to grant a preliminary injunction (provided he has established a relationship between the injury claimed in the motion and the conduct asserted in the complaint): "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury

---

[4] The Court observes that within the Injunction Motion, Ricketts states that under Rule 4(c) of the Federal Rules of Civil Procedure, "the court has discretion to appoint a Deputy Marshal[] or other person to effect service of process," and that one situation where "a litigant could reasonably seek special appointment of a Deputy Marshal[] to make service is one in which an enforcement presence is required." (Injunction Motion at 3.) This appears to refer to Rule 4(c)(3). The Court notes that Rule 4(c) addresses service of a summons and complaint. Service of a summons and complaint is distinct from service of a motion such as the Injunction Motion. Service of motions is generally governed by Rule 5, not Rule 4. The Court advises Ricketts to review Rule 5 if he decides to file a future motion for injunctive relief.

that granting the injunction will inflict on other parties . . . ; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc).  In particular, "the threshold inquiry is whether the movant has shown the threat of irreparable injury." *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).  "A plaintiff must show more than a future risk of irreparable harm; '[t]here must be a clear showing of immediate irreparable injury.'" *Prime Therapeutics LLC v. Beatty*, 354 F. Supp. 3d 957, 974 (D. Minn. 2018) (quoting *Berkley Risk Adm'rs Co., LLC v. Accident Fund Holdings, Inc.*, No. 16-CV-2671 (DSD/KMM), 2016 WL 4472943, at *4 (D. Minn. Aug. 24, 2016)) (brackets in *Prime Therapeutics*).

Accordingly, based on all the files, records, and proceedings herein:

1. **IT IS HEREBY ORDERED** that:

    a. If Ricketts elects to request that the Court order service of summons under Federal Rule of Civil Procedure 4(c)(3), he must confirm this to the Court in writing within 30 days of the date of this Order.  The written confirmation must affirmatively state that Ricketts understands that he will have to pay fees and expenses as required by 28 U.S.C. § 1921 and 28 C.F.R. § 0.114(a).  The written confirmation must be accompanied by properly completed U.S. Marshals Service Forms for Defendants Officer Maggard, B. Birkolz, and Jessica Feda.  Copies of U.S. Marshals Service Forms

8

       will be provided to Ricketts by the Clerk of Court. If Ricketts does not provide the written confirmation to the Court within 30 days, the Court will assume that Ricketts plans to handle service of the summons and complaint upon each of these Defendants himself.

   b.   Within 14 days of the date of this Order, Ricketts must file a one-page addendum indicating whether he intends to sue Defendants in their individual capacities, their official capacities, or both. If Ricketts fails to submit this addendum within 14 days, the Court will construe the Complaint as suing Defendants only in their official capacities.

   c.   The Clerk of Court is directed to issue summonses to Ricketts for Defendants Officer Maggard, B. Birkolz, and Jessica Feda.

   d.   Ricketts' Motion for Appointment of Counsel [Doc. No. 3] is **DENIED**.

2.   **IT IS HEREBY RECOMMENDED** that:

   a.   Pursuant to 28 U.S.C. § 1915A(b), all claims against Defendant Dr. Nassaralla be **DISMISSED** without prejudice.

   b.   Ricketts' Motion for Preliminary Injunction [Doc. No. 2] be **DENIED**.

Dated: March 21, 2019              *s/ Hildy Bowbeer*
                                           Hildy Bowbeer
                                           United States Magistrate Judge

## NOTICE

The Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).