# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| David E. Ricketts,<br><br>          Plaintiff,<br><br>v.<br><br>Officer Maggard, *and all others not known to defendant*, B. Birkolz, *Assistant Warden of Medical (AW)*, Jessica Feda, *DPT OCS Public Health Service Head of Physical Therapy*, Dr. Nassaralla<br><br>          Defendants. | Case No. 19-cv-276 (WMW/HB)<br><br>**ORDER** |

HILDY BOWBEER, United States Magistrate Judge

      The above-captioned case comes before the undersigned on Plaintiff David E. Ricketts's self-styled "Bivens Action Motion TORT CLAIM" [Doc. No. 15], his Motion to Amend [Doc. No. 16], and his April 10, 2019, Letter [Doc. No. 17] in response to this Court's March 21, 2019, Order [Doc. No. 9]. The case was referred for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

## I. BACKGROUND[1]

Plaintiff who is currently incarcerated in FMC-Rochester, initiated this lawsuit alleging under 42 U.S.C. § 1983 that Defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. *See generally* (Compl. [Doc. No. 1].) Plaintiff, proceeding *pro se*, paid the filing fee and is not proceeding in this case *in forma pauperis*. *See* (Mar. 21 Order at 1.)

In its March 21 Order, the Court described several issues concerning both the capacity in which the Defendants were being sued and how Plaintiff wished to proceed with service of process. The Court therefore requested Plaintiff take certain steps to clarify his intentions as to these issues. *See* (*id.* at 1–4.) Specifically, the Court requested that Plaintiff clarify whether he intended to sue the named Defendants in both their official and individual capacities, and whether he wished to have the United States Marshals Service serve the Defendants pursuant to Federal Rules of Civil Procedure 4(c)(3). As to the latter issue, the Court directed Plaintiff to the fee schedule for service by the Marshals, which is found in 28 C.F.R. § 0.114(a). In addition the Court replicated relevant portions of the fee schedule in the Order. (*Id.* at 3 n.1.) Finally, the Court also instructed the Clerk's Office to provide summonses and USM Forms to Plaintiff for Defendants Maggard, Birkolz, and Feda, instructing him to complete and return the forms

---

[1] The specific nature of Ricketts's factual allegations are not pertinent to the issues addressed in this Order. As a result, the Court focuses primarily on the procedural posture, only discussing factual allegations where they provide context for the pending submissions.

to the Clerk's office if he wished to have the Marshals effect service under Rule 4(c)(3). (*Id.* at 3, 9.)

Plaintiff confirmed in writing his desire to sue the named Defendants in both their "professional"[2] and individual capacities and his understanding that the U.S. Marshals Service is required by statute to charge him for making or attempting service. *See* (Pl.'s Mar. 29 Letter [Doc. No. 13]; Apr. 1 Order [Doc. No. 14].) Plaintiff also manifested his willingness to pay the fees, but requested that he be told what these fees are. *See* (Mar. 29 Letter.) In response, the Court again referred Plaintiff "to 28 C.F.R. § 0.114(a) for the full fee schedule." (Apr. 1 Order at 2 n.1.)

Further, as an incarcerated person, Plaintiff's Complaint was screened pursuant to 28 U.S.C. § 1915A(a). The Court issued a Report and Recommendation ("R&R") on March 21, 2019, recommending that Dr. Nassaralla be dismissed from the case. *See* (R&R [Doc. No. 8 at 5–6].) In an apparent response to the R&R, Plaintiff filed his Amended Complaint and Motion to Amend[3] on April 1, and April 4, 2019, respectively. Plaintiff also submitted his USM forms for service on April 10, 2019, and provided the original Complaint as enclosures to the USM forms.

---

[2] The Court must construe Plaintiff's submissions liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In other words, Plaintiff's submissions should be construed "in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Consequently, the Court construes Plaintiff's statement that he is suing the named Defendants in their "professional" capacities to mean that he suing them in their *official* capacities.

[3] The "Motion to Amend" appears to also be intended as an objection to the R&R. *See* (Mot. to Amend at 1 ("Plaintiff Challenges the dismissal against Dr. Nassaralla, [sued] in her Professional and Individual Capacity[.]")).

## II. DISCUSSION

### A. Plaintiff's "Bivens Action Motion TORT CLAIM" Should Be Treated as an Amended Complaint

The only reasonable way to construe Plaintiff's self-styled "Bivens Action Motion TORT CLAIM" is as an amended pleading; there are factual allegations and claims for relief that include not only the allegations and claims contained in the original complaint but also additional allegations and claims, largely reflective of those contained in Plaintiff's Motion to Amend. *Compare* ([Doc. No. 15, *with* Doc. Nos. 1, *and* 16].) Consequently, the Court will construe Plaintiff's "Bivens Action Motion TORT CLAIM" as his Amended Complaint ("Am. Compl.") and will refer to it as such hereafter. *Cf. Stone*, 364 F.3d at 914.

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it." Here, service has not been perfected and so the Amended Complaint was received within the requisite time. Therefore, the Court considers the Amended Complaint as the operative pleading in this action, supplanting his original Complaint.[4] In addition, the Court notes that the Amended Complaint names the Defendants in both their official and individual capacities. (Am. Compl. at 5–6; *see also* Mot. to Amend at 1; Pl.'s Mar. 29 Letter at 1.)

---

[4] Plaintiff is reminded that, having now amended his complaint once "as a matter of course" under Federal Rule of Civil Procedure 15(a)(1), if he desires to amend his claims again, he must file a motion for leave to do so and follow all applicable Federal and Local Rules, including Federal Rules of Civil Procedure 15(a)(2) and Local Rules 7.1 and 15.1.

Because the Amended Complaint is now the operative pleading, there is no point in serving the original Complaint on Defendants Maggard, Birkolz, and Feda.[5] Consequently, the Court directs the Clerk's Office to (a) provide the completed USM forms and copies of the Amended Complaint to the Marshals Service so that they may serve the United States and Defendants Maggard, Birkolz, and Feda in their official capacities, and (b) include waiver of service packets for these Defendants in their individual capacities. Also, for clarity of the docket, the Court will add the designation "Amended Complaint" to the docket entry for Plaintiff's "Bivens Action Motion TORT CLAIM."

### B. Plaintiff's Request for Information About the Fees for Service

In Plaintiff's most recent letter to the Court, he again requests information pertaining to the service fees that he is responsible for under Federal Rules of Civil Procedure 4(c)(3) pursuant to his request that the Marshals Service effect service of process on Defendants. *See* (Apr. 10 Letter.) In the Court's prior correspondences with Plaintiff, it pointed him to the relevant information, which is contained in 28 C.F.R. § 0.114(a), and provided him with relevant portions of the regulation. (Apr. 1 Order at 2 n.1; Mar. 21 Order at 3 n.1.) Nevertheless, for ease of reference, the Court provides the full fee schedule here:

---

[5] The status of Dr. Nassaralla remains in issue but is not for this Court to address in this Order. Rather, the Court anticipates that the Honorable Wilhelmina M. Wright, United States District Judge, will review the pending R&R in light of the additional allegations contained in the Amended Complaint and Plaintiff's objections (*see* Mot. To Amend [Doc. No. 16]) in order to determine whether the amended allegations are sufficient to state a cause of action against Dr. Nassaralla.

The United States Marshals Service shall routinely collect fees according to the following schedule:

> (1) For process forwarded for service from one U.S. Marshals Service Office or suboffice to another - $8 per item forwarded;
>
> (2) For process served by mail - $8 per item mailed;
>
> (3) For process served or executed personally - $65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses. For each additional U.S. Marshals Service employee, agent, or contractor who is needed to serve process - $65 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses.
>
> (4) For copies at the request of any party - $.10 per page;
>
> (5) For preparing notice of sale, bill of sale, or U.S. Marshal deed - $20 per item;
>
> (6) For keeping and advertisement of property attached - actual expenses incurred in seizing, maintaining, and disposing of property.

28 C.F.R. § 0.114(a).

### III. CONCLUSION

Accordingly, based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff David E. Ricketts's "Bivens Action Motion TORT CLAIM" [Doc. No. 15] is construed as an "Amended Complaint" and is now the operative pleading in this case;

2. Pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, the Clerk's Office shall make copies of the Amended Complaint and provide those copies together with the USM forms received from Plaintiff to the

Marshals Service for service on Defendants Maggard, Birkolz, and Feda in their official capacities;

3. The Clerk's Office shall prepare waiver packets for Defendants Maggard, Birkolz, and Feda in their individual capacities to be included with service of these Defendants in their official capacities; and

4. Plaintiff shall be responsible for the fees associated with copying and service consistent with 28 C.F.R. § 0.114(a).


Dated:  April 22, 2019                     s/ *Hildy Bowbeer*
                                                         HILDY BOWBEER
                                                         United States Magistrate Judge