UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David E. Ricketts, | Case No. 19-cv-0276 (WMW/HB) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Officer Maggard, B. Birkolz, Jessica Feda, and Dr. Nassaralla, | |
| Defendants. | |

This matter is before the Court on the March 21, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Hildy Bowbeer. (Dkt. 8.) The R&R recommends dismissing without prejudice the claims of Plaintiff David E. Ricketts against Defendant Dr. Nassaralla and denying Ricketts's motion for a preliminary injunction.[1] Ricketts filed timely objections to the R&R. For the reasons addressed below, the Court adopts the R&R, denies Ricketts's motion for a preliminary injunction, and dismisses without prejudice Ricketts's claims against Dr. Nassaralla.

## BACKGROUND

Ricketts currently is incarcerated at Federal Medical Center-Rochester. In this civil rights action, Ricketts alleges three counts against Defendants Officer Maggard, B. Birkolz,

---

[1] Ricketts styled his request as a "motion for preliminary injunction and/or protective order." The R&R construed this motion as a request for a preliminary injunction and treated it as such. This Court agrees and addresses the motion as one for a preliminary injunction.

Jessica Feda, and Dr. Nassaralla: (1) failure to protect in violation of the Eighth Amendment to the United States Constitution, (2) retaliation, and (3) deliberate indifference to Ricketts's serious medical need in violation of the Eighth, Fifth, and Fourteenth Amendments to the United States Constitution. Because the R&R concludes that Ricketts's complaint contains insufficient factual allegations against Dr. Nassaralla, the R&R recommends dismissing Ricketts's complaint against Dr. Nassaralla for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(a), (b)(1) (authorizing a district court to dismiss a prisoner's civil action if the complaint fails to state a claim upon which relief may be granted). The R&R also recommends that the Court deny Ricketts's preliminary injunction motion without prejudice.

After the R&R was issued, Ricketts filed a self-styled "Bivens Action Motion TORT CLAIM," (Dkt. 15), and a "Motion to Amend – Addendum Capacity Clarification," (Dkt. 16). On April 22, 2019, the magistrate judge issued an order acknowledging these and other submissions filed after the R&R was issued. (Dkt. 18.) In the April 22, 2019 Order, the magistrate judge construed Ricketts's "Bivens Action Motion TORT CLAIM" as an amended complaint and as the operative pleading in this case. The amended complaint includes the allegations and claims contained in the original complaint as well as additional allegations and claims, some of which are against Dr. Nassaralla. The March 21, 2019 R&R remains pending.

**ANALYSIS**

Ricketts objects to the R&R's recommendation that the Court dismiss his claims against Dr. Nassaralla.[2] A district court reviews de novo those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). In doing so, the district court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).

Ricketts's complaint is subject to review under Title 28, United States Code, Section 1915A(a), which provides that "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court shall dismiss any complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).

When determining whether a complaint states a claim upon which relief may be granted, a district court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). The factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible if the facts alleged in the complaint, when taken as true, allow

---

[2] As Ricketts appears before the Court pro se, the Court construes his filings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because Ricketts's "Motion to Amend – Addendum Capacity Clarification" appears to be intended as an objection to the R&R, the Court will consider it as such.

3

a district court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The R&R concludes that Ricketts fails to state a claim against Dr. Nassaralla because Ricketts's original complaint contains no specific factual allegations against Dr. Nassaralla. But Ricketts's original complaint is no longer the operative pleading, and in conducting a de novo review of the R&R's recommendation to dismiss Ricketts's claims against Dr. Nassaralla, the Court must consider the allegations in Ricketts's amended complaint.

When read liberally, the amended complaint appears to claim deliberate indifference to Ricketts's serious medical needs by Dr. Nassaralla in violation of the Eighth Amendment to the United States Constitution. Inmates do not have a constitutional right to receive a particular or requested course of treatment. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To plead a deliberate indifference claim, a plaintiff must allege that he had an objectively serious medical need, that prison officials actually knew of this need, and prison officials deliberately disregarded this serious medical need. *Id.* Deliberate indifference is "an onerous standard," *Martinson v. Leason*, 22 F. Supp. 3d 952, 960 (D. Minn. 2014) (internal quotation marks omitted), that requires a highly culpable state of mind, *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993).

The facts in the amended complaint as to Dr. Nassaralla are as follows: (1) Dr. Nassaralla was Ricketts's primary care giver, (2) Dr. Nassaralla acted " 'under color of Federal Law," (3) Ricketts told Dr. Nassaralla during his appointments that he was at risk of developing pressure sores, (4) Dr. Nassaralla had the ability to order medical devices

4

and tests for Ricketts, and (5) Dr. Nassaralla was deliberately indifferent to Ricketts's medical needs when Dr. Nassaralla failed to order the medical devices and tests that Ricketts requested. These allegations do not plausibly allege that Dr. Nassaralla knew of and, with a "highly culpable state of mind approaching actual intent," deliberately disregarded Ricketts's serious medical needs. *See Choate*, 7 F.3d at 1374. The amended complaint, which is more detailed than the original complaint, nonetheless fails to cure the pleading deficiencies identified in the R&R as to Dr. Nassaralla. For these reasons, the Court overrules Ricketts's objections and adopts the R&R.[3]

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff David E. Ricketts's objections to the March 21, 2019 R&R, (Dkt. 16), are **OVERRULED**;

2. The March 21, 2019 R&R, (Dkt. 8), is **ADOPTED**;

---

[3] The R&R also recommends denying Ricketts's motion for a preliminary injunction on the ground that, at the time the R&R was issued, the record did not establish that any defendant had received notice of Ricketts's motion. *See* Fed. R. Civ. P. 65(a)(1) (stating that a preliminary injunction may issue "only on notice to the adverse party"). Because Ricketts has not objected to this portion of the R&R, the Court reviews this aspect of the R&R for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Defendants Birkolz, Feda, and Maggard waived service in this lawsuit after the R&R issued. But, as addressed by the R&R, "notice" under Rule 65(a)(1) is distinct from service of a summons and complaint under Rule 4(c). Further, the Court agrees that Ricketts's present motion does not establish grounds to grant a preliminary injunction. Despite the change in circumstances since the R&R was issued, the Court finds no clear error in the R&R's recommendation to deny Ricketts's motion for a preliminary injunction.

3. Plaintiff David E. Ricketts's motion for a preliminary injunction, (Dkt. 2), is **DENIED**; and

4. Plaintiff David E. Ricketts's claims against Defendant Dr. Nassaralla are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

Dated: August 5, 2019                    s/Wilhelmina M. Wright
                                         Wilhelmina M. Wright
                                         United States District Judge