UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| David E. Ricketts, | Case No. 19-cv-0276 (WMW/HB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER ADOPTING**<br>**REPORT AND RECOMMENDATION** |
| Officer Maggard, B. Birkolz, and Jessica Feda, | |
| Defendants. | |

---

This matter is before the Court on the December 16, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Hildy Bowbeer. (Dkt. 46.) The R&R recommends granting Defendants' motion to dismiss Plaintiff David E. Ricketts's complaint, brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for lack of jurisdiction and for failure to state a claim.

Ricketts filed timely objections, but he makes no specific objection to any aspect of the R&R's factual findings or legal analysis of his claims. Instead, Ricketts argues primarily that his claims against Defendant Jessica Feda must be allowed because she is directly responsible for causing irreparable damage to Ricketts's physical health. But Feda is an employee of the United States Public Health Service (PHS), working at the Federal Medical Center in Rochester, Minnesota, where Ricketts currently is housed. In his objections regarding Feda's alleged liability, Ricketts fails to address the R&R's finding that his claims against Feda fail as a matter of law because, as a PHS employee, Feda is

"not personally subject to *Bivens* actions for harms arising out of" the performance of her job. *See Hui v. Castaneda*, 559 U.S. 799, 802 (2010). In other words, even if Ricketts can show that Feda in fact is responsible for the alleged damage to Ricketts's physical health, he may not maintain a *Bivens* claim against Feda. For this reason, Ricketts's objections lack merit and are overruled.

In the absence of specific objections to any aspect of the R&R, the Court reviews an R&R for clear error. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review"). A finding is "clearly erroneous" when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010) (internal quotation marks omitted). Having carefully reviewed the R&R, the Court identifies no clear error in the magistrate judge's reasoning or recommended resolution of Ricketts's claims. The Court adopts the R&R in its entirety.

Based on the foregoing analysis, the R&R, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff David E. Ricketts's objections to the December 16, 2019 R&R, (Dkt. 49), are **OVERRULED**.

2. The December 16, 2019 R&R, (Dkt. 46), is **ADOPTED**.

3. Defendants' motion to dismiss, (Dkt. 34), is **GRANTED**.

4. Plaintiff David E. Ricketts's amended complaint, (Dkt. 15), is **DISMISSED WITH PREJUDICE** as to Ricketts's claims against Defendant B. Birkholz and **DISMISSED WITHOUT PREJUDICE** as to Ricketts's remaining claims.

5. Plaintiff David E. Ricketts's Motion for Appointment of Counsel, (Dkt. 48), is **DENIED** as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 11, 2020							s/Wilhelmina M. Wright
								Wilhelmina M. Wright
								United States District Judge